UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROGER CARLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-1707 |
| | ) | |
| THERMEDX, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, Roger Carlton, by counsel, and for his claim against Defendant Thermedx, LLC, alleges and states as follows:

## I.     PARTIES

1.     At all times relevant herein, Roger Carlton was a citizen of Fountaintown, Indiana.

2.     At all times relevant herein, Defendant Thermedx, LLC ("Thermedx") was a manufacturer of medical devices and was a corporation organized and existing under the laws of Ohio and regularly conducted business in, received economic benefit from, and had sufficient minimum contacts with the State of Indiana.

3.     Defendant Thermedx designed, manufactured, marketed, distributed and sold the Fluid Management System automated pressure irrigation infuser ("Thermedx infuser") throughout the United States, including throughout the State of Indiana.

## II. JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the present action as there exists complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and cost in accordance with 28 U.S.C.A §1332.  Plaintiff is a citizen of the State of Indiana and Defendant Thermedx is a citizen of the State Ohio.

{02171000-1 }

5.      Venue is proper in the United States District Court, Southern District of Indiana, Indianapolis Division, because a substantial part of the events or omissions giving rise to the claim occurred in Indianapolis, Indiana pursuant to 28 U.S.C. §1391.

### III. FACTS

6.      On December 29, 2020, Plaintiff Roger Carlton was a patient of Dr. Kevin Rice, a urologist, at Indiana University Health University Hospital in Indianapolis, and was being treated for a bladder tumor.  On that date, on the recommendation of Dr. Rice, Mr. Carlton underwent a procedure known as a transurethral resection of a bladder tumor, known as a TURBT procedure.

7.      On that date, Mr. Carlton was placed under general anesthesia for the TURBT procedure, which is performed with a resectoscope which permitted the surgeon to visualize the interior of the bladder to assess and resect the bladder tumor.   In order to perform the procedure, Dr. Rice utilized the Thermedx infuser model P2000, serial/lot number 20170075 for the purpose of filling the bladder with warm saline to irrigate and distend the bladder to facilitate the TURBT procedure.   The saline is introduced to the bladder through the resectoscope under pressure generated by the Thermedx infuser.

8.       During the TURBT procedure performed by Dr. Rice, upon information and belief, the Thermedx infuser malfunctioned and the pressure generated by the product to fill Mr. Carlton's bladder surged from 62 mmHG to more than 500 mmHG, well above the safe pressure level for the introduction of fluid into an organ of the human body.   The surge in pressure caused Mr. Carolton's bladder to explode and the saline solution to spray out of the tubing utilized for the procedure and out the back of the infuser.

9.      As a direct and proximate result of the dangerously defective Thermedx infuser, Mr. Carlton's suffered severe injuries including the removal of his bladder and prostate, incurred

medical expenses, and pain and suffering and will continue to incur medical expenses and experience pain and suffering into the future.

**COUNT I –**
**INDIANA PRODUCT LIABILITY ACT**

10.   Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

11.   At all times relevant herein, Defendant was in the business of designing, manufacturing, marketing and selling the Thermedx infusers to hospitals and other medical facilities such as IU Health.

12.   As designers, manufacturers, and sellers of the Thermedx infuser, Defendant is liable to Plaintiff for his injuries and damages under Indiana law as:

     (a)    Plaintiff was harmed by the defective condition of the Thermedx infuser which caused and allowed a surge in pressure which damaged Mr. Carlton's bladder and prostate causing them both to being removed ("defective condition");

     (b)    The defective condition existed at the time it was distributed or sold by Defendant;

     (c)    As a patient undergoing a urological procedure for which the Thermedx infuser was specifically designed, constructed and marketed, it was foreseeable to Thermedx that Mr. Carlton's physician would utilize the Thermedx procedure during Mr. Carlton's TURBT procedure;

     (d)    Defendant was in the business of selling the Thermedx infuser; and

     (e)    The Thermedx infuser reached IU Health in the condition it was sold.

13.   As designed and manufactured, upon information and belief, the Thermedx infuser was in a defective condition because at the time it was sold or otherwise distributed by the Defendant it was in a condition (a) not contemplated by reasonable persons among those

considered expected users or consumers of the Thermedx infuser; and (b) that was unreasonably dangerous to the expected user or consumer when used in reasonably expectable way.

14.     As labeled, the Thermedx infuser was defective because Defendant failed to properly package the Thermedx infuser to give reasonable warnings of danger about the product and Defendant failed to give reasonably complete instructions on the proper use of the Thermedx infuser when the Defendant, by exercising diligence, could have made such warnings or instructions.

15.     Defendant is strictly liable to Plaintiff for any manufacturing defect which permitted the Thermedx product to be distributed or sold in the defective condition.

16.     Defendant failed to exercise reasonable care under the circumstances in designing the Thermedx infuser which permitted the Thermedx infuser to be distributed or sold in the defective condition and are liable for Plaintiff's resulting injuries and damages under Indiana law.

17.     Defendant failed to exercise reasonable care under the circumstances in providing the warning or instructions for the Thermedx infuser which permitted the Thermedx infuser to be distributed or sold in a defective condition and are liable for Plaintiff's resulting injuries and damages under Indiana law.

18.     As a direct and proximate result of the defective condition of the Thermedx infuser, Plaintiff sustained traumatic and catastrophic damages for which Defendant is liable under Indiana law.

WHEREFORE, Plaintiff, Roger Carlton, by counsel, prays for judgment against the Defendant, Thermedx, in an amount sufficient to compensate him for their injuries and damages, plus the cost of this action, and for all other relief just and proper in the premises.

## JURY DEMAND

Come now the Plaintiff Roger Carlton, by counsel, and hereby requests trial by jury in this matter.

Respectfully submitted,

STEPHENSON RIFE, LLP


 /s/ Brady J. Rife
Brady J. Rife, Atty. No. 25378-73
Paul T. Belch, Atty. No. 18533-49
2150 Intelliplex Drive, Suite 200
Shelbyville, IN  46176
Telephone:  (317) 680-2011
Facsimile:  (317) 680-2012
bradyrife@srtrial.com
paulbelch@srtrial.com
*Attorneys for Plaintiff, Roger Carlton*